IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AWAL MOHAMMED<br>　　　Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA<br>　　　Respondent. | *<br><br>*　CRIMINAL ACTION NO. JKB-12-005<br>　CIVIL ACTION NO. JKB-18-169<br>* |

*****

# **MEMORANDUM**

On January 16, 2018, Awal Mohammed filed an "affirmation" seeking equitable relief from this Court's final judgment denying his previous request for relief under 28 U.S.C. § 2255. He claims that the primary basis of "my Rule 60(b) motion is contingent upon the United States Supreme Court's recent 'change in decisional law' enunciated in *United States v. Jae Lee*, 137 S. Ct. 1958 (2017), as the required 'extraordinary circumstances' for equitable relief under Rule 60(b)(6) and *Buck v. Davis*, 137 S.Ct. 759 (2017)." The affidavit has been construed as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody attacking his 2013 conviction, *United States v. Mohammed*, Criminal No. JKB-12-005 (D. Md.) at ECF No. 247. Alternatively, it shall be analyzed as a motion for reconsideration under Rule 60(b). For reasons to follow, the motions shall be dismissed without prejudice.

**I. Case History**

After a five-day jury trial, Mohammed was convicted of one count of possession with intent to distribute a mixture containing heroin and one count of conspiracy to possess with intent to distribute a mixture containing heroin, in violation of 21 U.S.C. §§ 841 & 846. On June 18, 2013, the Court sentenced Mohammed to concurrent 136-month terms in the U.S. Bureau of Prisons, imposed concurrent five-year terms of supervised release, and ordered

Mohammed to pay a special assessment of $200.00. Judgment was entered on June 20, 2013.[1] *Id.* at ECF No. 154. On May 22, 2014, the United States Court of Appeals for the Fourth Circuit affirmed the criminal judgment. *See United States v. Mohammed*, 572 F. App'x. 203 (4th Cir. 2014).

On October 24, 2014, a self-represented motion to vacate was filed by Mohammed, raising ineffective assistance of counsel grounds. *United States v. Mohammed*, Criminal No. JKB-12-005 (D. Md.) at ECF No. 192. After briefing, the Court reviewed all issues and denied the motion to vacate on July 28, 2015. A certificate of appealability was subsequently denied. *Id.* at ECF Nos. 210, 211, & 223. On April 6, 2016, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. *See United States v. Mohammed*, 643 F. App'x. 308 (4th Cir. 2016).

On September 2, 2016, Mohammed filed a second motion to vacate, claiming he was deprived of the opportunity to seek a minor role adjustment because "the factors that the court should consider when determining whether such adjustment is warranted was [sic] not available to [him] at the time of sentencing." *United States v. Mohammed*, Criminal No. JKB-12-005 (D. Md.) at ECF No. 234. On September 8, 2016, the motion was dismissed without prejudice as successive. *Id.*, at ECF Nos. 235 & 236. On September 19, 2016, the Court received a third motion to vacate from Mohammed, claiming that he is actually innocent of the "higher-margin of error" amount of heroin that increased his statutory mandatory minimum sentence. ECF

---

[1] Due to clerical error, an amended judgment was entered on July 2, 2013. *United States v. Mohammed*, Criminal No. JKB-12-005 (D. Md.) at ECF No. 161.

No. 238. The § 2255 motion was dismissed without prejudice as successive on September 30, 2016.

**II. Motion to Vacate**

The law is well-settled that the district court lacks jurisdiction to consider a second or successive motion filed under 28 U.S.C. § 2255 unless the motion has been certified in advance by a panel of the appropriate circuit court of appeals and found to contain newly discovered evidence bearing on the innocence of the movant, or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also United States v. Winestock,* 340 F.3d 200, 205 (4th Cir. 2003). In this case, Mohammed filed prior § 2255 motions, which related to the same judgment and sentence that he presently challenges.

Mohammed neither states nor does the record show that he has obtained prior authorization from the Fourth Circuit to bring this 28 U.S.C. § 2255 action. In fact, on September 13, 2016, the Fourth Circuit denied Mohammed's motion for authorization under 28 U.S.C. § 2244. *See United States v. Mohammed*, Criminal No. JKB-12-005 (D. Md.) at ECF No. 237. Thus, being without authorization, this court is unable to hear Mohammed's claim. *Winestock,* 340 F.3d at 205. The motion must be dismissed for lack of jurisdiction. *See Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000).[2]

---

[2] The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization Order. The Clerk shall attach a packet of instructions promulgated by the Fourth Circuit to be followed should Mohammed wish to seek authorization to file a successive petition. It is to be emphasized that the "motion" must be filed with the Fourth Circuit and authorization obtained before this Court may examine Mohammed's claim.

## III. Rule 60(b)(6)

The court alternatively construes Mohammed's filing as a motion for reconsideration, filed pursuant to Federal Rule of Civil Procedure 60(b)(6), which seeks to overturn the court's prior opinion issued July 28, 2015, substantively denying his motion to vacate under § 2255.

Under Rule 60(b), a motion seeking relief from a final judgment may be granted for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, is no longer equitable, or is based on an earlier judgment that has been reversed; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Mohammed's Rule 60(b)(6) motion relies on *Lee v. United States*, 137 S. Ct. 1958 (2017) (plea counsel's erroneous advice as to deportation consequences of defendant's guilty plea amounted to ineffective assistance), and *Buck v. Davis*, 137 S. Ct. 759 (2017) (defense lawyer has discharged his constitutional responsibility to provide effective assistance so long as his decisions fall within the wide range of professionally competent assistance) representation; it is only when the lawyer's errors were so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment that the *Strickland* deficient performance prong is satisfied).[3] Nothing in the analysis of *Lee* or *Buck* alters the analysis of Mohammed's underlying claims of ineffective assistance of counsel. There is no basis for Rule 60(b) relief.

---

[3] *See Strickland v. Washington*, 466 U.S. 668 (1984).

### IV. Certificate of Appealability

A certificate of appealability ("COA") will not issue unless a petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not "deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017). Denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. The court declines to issue a certificate of appealability. The motion to vacate will be dismissed without prejudice for lack of jurisdiction. Alternatively, the Rule 60(b)(6) motion shall be denied. A separate Order shall be entered reflecting the opinion set out herein.

Dated this 26th day of January, 2018.

BY THE COURT:

/s/
James K. Bredar
Chief Judge